IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL JOSEPH LINDGREN,

Defendant.

Case No. 3:25-cr-37-PDW

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Nicholas W. Chase, United States Attorney for the District of North Dakota, and Matthew D. Greenley, Assistant United States Attorney; Defendant, Daniel Joseph Lindgren ; and Defendant's counsel, Christopher Bellmore, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of North Dakota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** Defendant acknowledges the Indictment charges four violations of Title 18, United States Code, Section 1344. Defendant fully understands the nature and elements of the crimes with which he has been charged. Defendant will voluntarily plead guilty to Count One of the Indictment. Count One charges bank fraud, in violation of Title 18, United States Code, Section 1344. Further, Defendant admits the Forfeiture allegation.

2.    **Non-binding Plea Agreement.** The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure

11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

3.      **Factual Basis.** Defendant will plead guilty because Defendant is in fact guilty of the charges. In pleading guilty to Count One , Defendant acknowledges that the following facts are true and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines. The following facts may be used to establish a factual basis for defendant's guilty plea, sentence, and any forfeiture.  Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.  Defendant waives these rights with respect to the statements within the Plea Agreement and agrees this Plea Agreement may be used against defendant at any time in any proceeding in this case should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the recitation below is a summary of the facts against defendant and does not constitute all of the facts the government may be able to prove at trial and may be able to prove to the court in accordance with this agreement.

> DANIEL JOSEPH LINDGREN worked as the Chief Operating Officer for Shorestone Development, a North Dakota real estate business in Fargo, North Dakota, in the District of North Dakota.  Lindgren earned about $35 per hour as COO.  In his role as COO, Defendant had access to bank accounts for Shorestone Development as well as related entities.  Defendant had

2

authorization to move money between accounts for business purposes and to pay authorized business expenses. Beginning as early as July 1, 2022, through approximately October 2024, Defendant knowingly executed a scheme and artifice to defraud Bremer Bank, whose deposits were insured by the Federal Deposit Insurance Corporation. Defendant executed the scheme by writing himself unauthorized checks from a Bremer Bank account belonging to Shorestone Development, while using his position as COO to falsely represent he had authority to withdraw the funds. In total, Defendant issued approximately 274 fraudulent checks from Shorestone Development to himself, amounting to $2,848,680 in unauthorized charges. The parties agree and stipulate and agree that the loss, for purposes of sentencing and restitution, is equal to $2,848,680.

With respect to Count I, Defendant executed the scheme and artifice to defraud on September 30, 2024, by drafting check number 166608 in the amount of $12,750 payable to DANIEL LINDGREN from a Shorestone Development account at Bremer Bank ending in XXXX624. Defendant agrees that he did not have authorization to draft the above check and that the check was not drafted for any lawful purpose.

4.      **Statutory Penalties**.   Defendant understands the following maximum penalties apply:

Count One

| | |
|---|---|
| Imprisonment: | Up to 30 years |
| Fine: | $1,000,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

5.      **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to go to trial.  At trial, the Defendant would be presumed innocent, have the right to trial by jury, or with the consent of the United States and of the Court, to trial by

the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

6.    **Additional Consequences.** The Defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. Further, Defendant understands that any individual who is convicted and who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. This Plea Agreement also does not bar or compromise any civil or administrative claim. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

7.    **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement

4

should be construed to limit the parties from presenting any and all relevant evidence to

the Court at sentencing. The parties also acknowledge that the Court will consider the

United States Sentencing Guidelines in determining the appropriate sentence and stipulate

to the following guideline calculations:

a. <u>Base Offense Level</u>. The parties agree that the base offense level for Bank Fraud is **7**. U.S.S.G. § 2B1.1(a)(1).

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by **16** levels due to the amount of loss exceeding $2,000,000. U.S.S.G. § 2B1.1(b)(1)(I) *applying the adopted amendments to the United States Sentencing Guidelines effective November 1, 2026.*

   i) Defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense, increasing the offense level by **2.**

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the Defendant receive a **2**-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1**-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the

Defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e.  Zero Point Offender. The Defendant qualifies for an additional two level reduction under U.S.S.G. § 4C1.1 if he meets all of the following criteria: (1) the Defendant did not receive any criminal history points from Chapter Four, Part A; (2) the Defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the Defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the Defendant did not personally cause substantial financial hardship; (7) the Defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the Defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the Defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. The United States agrees to application of the Zero Point Offender reduction.

f.  Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g.  Guidelines Range. If the adjusted offense level is **22 (7 + 16 +2 – 3- 2)**, and the criminal history category is **I**, the Sentencing Guidelines range for Count One is **33-41** months of imprisonment.

6

h.    <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of between two and five years. U.S.S.G. § 5D1.2(a)(1).

8.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

9.    **Agreements as to Sentencing Recommendation.** The United States will recommend a sentence at the low end of the Sentencing Guidelines for Count One, payment of restitution in the amount of $2,848,680 due and payable immediately, with the unpaid balance subject to a payment plan ordered by the Court. The Defendant is free to recommend whatever sentence he deems appropriate. The Defendant reserves the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), and the United States reserves the right to oppose any such motion made by the Defendant. The Defendant may argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

7

10.    **Restitution Agreement.** The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The Defendant understands and agrees the Court may order the defendant to make restitution to any victim of the crime, regardless of whether the victim was named Indictment. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

The parties agree that restitution is $2,848,680. Defendant understands and acknowledges that the victim's actual losses may exceed this figure and that the Court determines the amount of restitution owed to the victim and is not bound by the stipulation of the parties.

11.    **Forfeiture**. Forfeiture is mandatory, and the Defendant agrees to the entry of a forfeiture money judgment in the amount of $1,000,000. The Defendant understands that restitution and forfeiture are imposed separately, and each constitute a separate part of the monetary penalties imposed at the time of sentencing.

12.    **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, any assessment, forfeiture order, the constitutionality of the statutes to which the Defendant is pleading guilty or under which the Defendant is sentenced, the constitutionality of any applicable Sentencing Guidelines, or that the Defendant's conduct

8

did not fall within the above-referenced statutes or Guidelines. The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above the high end of the applicable Guidelines range of imprisonment. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States reserves the right to appeal any sentence below the low end of the Guidelines range.

13.    **Breach.** Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from

prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

14. **Plea Agreement Supplement.** The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

15. **Waiver of Withdrawal of Guilty Plea**. By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been accepted. The appellate court routinely enforces such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

16. **Rule 32(f).** The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

17. **Complete Agreement**. The Defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement

signed by the parties before entry of the plea, is the entire agreement and understanding

between the United States and the Defendant.


AGREED:

NICHOLAS W. CHASE
United States Attorney

Dated: 06/12/2026

By: MATTHEW D. GREENLEY
Assistant United States Attorney


Dated: 6/2/26

DANIEL JOSEPH LINDGREN
Defendant


Dated: 6/2/26

CHRISTOPHER BELLMORE
Attorney for Defendant

11